Robin DiMaggio
5737 Kanan Rd., #117
Agoura Hills, CA 91301

Defendant in Pro Per

FILED
JAN 1 2 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:               Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>ROBIN DIMAGGIO,<br>Debtor.<br>_____<br>KRASIMIR DACHEV, an individual, PEACE FOR YOU PEACE FOR ME, a non-profit foundation organized under the laws of Bulgaria, and SVILOSA AD, a Joint Stock Company organized under the laws of Bulgaria,<br><br>Plaintiffs,<br>v.<br><br>ROBIN DIMAGGIO,<br><br>Defendant. | Case No. 1:17-bk-12434-VK<br><br>Chapter 7<br>Adv. No. 1:17-ap-01099-MT<br><br>**ANSWER TO COMPLAINT** |

    1.   COMES NOW Defendant, ROBIN DIMAGGIO ("Defendant"), and answering the Complaint ("Complaint") filed by Plaintiffs, KRASIMIR DACHEV, an individual, PEACE FOR YOU PEACE FOR ME, a non-profit foundation organized under the laws of Bulgaria, and SVILOSA AD, a Joint Stock Company organized under the laws of Bulgaria("Plaintiffs"), denies and alleges as follows:

1

ANSWER

2. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 1 of the Complaint for this reason.

3. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 2 of the Complaint for this reason.

4. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 3 of the Complaint for this reason.

5. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 4 of the Complaint for this reason.

6. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 5 of the Complaint for this reason.

7. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 6 of the Complaint for this reason.

8. Defendant denies in part and admits in part the allegations of paragraph 7 of the Complaint.

9. Defendant denies the allegations of paragraph 8 of the Complaint.

10. Defendant denies the allegations of paragraph 9 of the Complaint.

11. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 10 of the Complaint for this reason.

ANSWER

12. Defendant denies in part and admits in part the allegations of paragraph 11 of the Complaint.

13. Defendant denies the allegations of paragraph 12 of the Complaint.

14. Defendant denies the allegations of paragraph 13 of the Complaint.

15. Defendant denies the allegations of paragraph 14 of the Complaint.

16. Defendant denies in part and admits in part the allegations of paragraph 15 of the Complaint.

17. Defendant denies in part and admits in part the allegations of paragraph 16 of the Complaint.

18. Defendant denies in part and admits in part the allegations of paragraph 17 of the Complaint.

19. Defendant does not have knowledge as to the allegations and therefore denies the allegations made in paragraph 18 of the Complaint for this reason.

20. Defendant denies in part and admits in part the allegations of paragraph 19 of the Complaint.

21. The "binder" are documents which speak for themselves, therefore any characterizations regarding same contained in paragraph 20 of the Complaint are denied.

22. Defendant denies the allegations of paragraph 21 of the Complaint.

23. Defendant denies in part and admits in part the allegations of paragraph 22 of the Complaint. The "invoice" are documents which speak for themselves, therefore any

ANSWER

characterizations regarding same contained in paragraph 20 of the Complaint are denied.

24. Defendant denies the allegations of paragraph 23 of the Complaint.

25. The "contract" are documents which speak for themselves, therefore any characterizations regarding same contained in paragraph 24 of the Complaint are denied.

26. Defendant denies the allegations of paragraph 25 of the Complaint.

27. Defendant denies the allegations of paragraph 26 of the Complaint.

28. Defendant denies the allegations of paragraph 27 of the Complaint.

29. Defendant denies the allegations of in paragraph 28 of the Complaint.

30. Defendant denies the allegations of in paragraph 29 of the Complaint.

31. Defendant denies the allegations of in paragraph 30 of the Complaint.

32. Defendant denies the allegations of in paragraph 31 of the Complaint.

33. Defendant denies the allegations of in paragraph 32 of the Complaint.

34. Defendant denies the allegations of in paragraph 33 of the Complaint.

35. Defendant denies the allegations of in paragraph 34 of the Complaint.

4

ANSWER

36. Defendant denies the allegations of paragraph 35 of the Complaint.

37. Defendant denies the allegations of paragraph 36 of the Complaint.

38. Defendant denies the allegations of paragraph 37 of the Complaint.

39. Defendant denies the allegations of paragraph 38 of the Complaint.

40. Defendant denies the allegations of paragraph 39 of the Complaint.

41. Defendant denies the allegations of paragraph 40 of the Complaint.

42. The "schedules" are documents which speak for themselves, therefore any characterizations regarding same contained in paragraph 41 of the Complaint are denied.

43. Defendant denies the allegations of paragraph 42 of the Complaint.

44. Defendant denies the allegations of paragraph 43 of the Complaint.

45. Defendant denies the allegations of paragraph 44 of the Complaint.

46. Defendant denies the allegations of paragraph 45 of the Complaint.

47. Defendant denies the allegations of paragraph 46 of the Complaint.

48. Defendant denies the allegations of paragraph 47 of the Complaint.

ANSWER

49. Defendant denies the allegations of paragraph 48 of the Complaint.

50. Defendant denies the allegations of paragraph 49 of the Complaint.

51. Defendant denies the allegations of paragraph 50 of the Complaint.

52. Defendant denies the allegations of paragraph 51 of the Complaint.

53. Defendant denies the allegations of paragraph 52 of the Complaint.

54. Defendant denies the allegations of paragraph 53 of the Complaint.

55. Defendant denies the allegations of paragraph 54 of the Complaint.

56. Defendant denies the allegations of paragraph 55 of the Complaint.

57. Defendant denies the allegations of paragraph 56 of the Complaint.

58. Defendant admits the allegations of paragraph 57 of the Complaint.

59. Defendant admits the allegations of paragraph 58 of the Complaint.

60. Defendant denies the allegations of paragraph 59 of the Complaint.

61. Defendant denies the allegations of paragraph 60 of the Complaint.

62. Defendant denies the allegations of paragraph 61 of the Complaint.

ANSWER

Case 1:17-ap-01099-VK    Doc 5    Filed 01/12/18    Entered 01/16/18 16:44:12    Desc
Main Document    Page 7 of 13

63. Defendant denies the allegations of paragraph 62 of the Complaint.

64. Defendant denies the allegations of paragraph 63 of the Complaint.

65. Defendant denies the allegations of paragraph 64 of the Complaint.

66. Defendant denies the allegations of paragraph 65 of the Complaint.

67. Defendant denies the allegations of paragraph 66 of the Complaint.

68. Defendant denies the allegations of paragraph 67 of the Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(No Cause of Action)

1. As a first, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that Plaintiff's unverified Complaint, in its entirety, nor any purported cause of action set forth therein, allege facts sufficient to constitute a cause of action against these answering Defendants.

SECOND AFFIRMATIVE DEFENSE

(Statute of Frauds)

2. As a second, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that the action sued on herein is barred by the provisions of Civil Code Sections 1624(b), 1624(c) and 1624(d), in that the

7

ANSWER

contract sued on is for the building and site remodeling, trade services, labor and materials of real property and is invalid unless subscribed by the party sought to be charged.

THIRD AFFIRMATIVE DEFENSE

(Offset)

3. As a third, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that they have incurred damages by reason of Plaintiff's conduct and that it has the right of offset of any amount of monies owed to Plaintiff by way of damages.

FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4. As a fourth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants are informed and believe, and on such information and belief, allege that Plaintiff is engaged in conduct that constitutes waiver of his rights. By reason of such waiver, these answering Defendants is excused from the performance of the obligation of the alleged contract.

FIFTH AFFIRMATIVE DEFENSE

(Estoppel, Unclean hands, Laches)

5. As a fifth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants are informed and believe, and on such information and belief, allege that by reason of Plaintiff's conduct which constitutes a breach of contract, tortious conduct, waiver, unclean hands, and laches, Plaintiff is estoped to assert any right of relief.

SIXTH AFFIRMATIVE DEFENSE

ANSWER

(Breach of Contract)

2. 6. As a sixth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants are informed and believe, and on such information and belief, allege that Plaintiff breached his contract, if any, with Defendants and by reason of such breach of contract, these answering Defendants has been excused of any duty it may have had to perform any obligation set forth in any agreement with Plaintiff, if there be such an agreement.

SEVENTH AFFIRMATIVE DEFENSE

(Release)

7. As a seventh, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that Plaintiff's actions constituted a full release by Plaintiff of any and all claims which he may have had against these answering Defendants.

EIGHTH AFFIRMATIVE DEFENSE

(In Pari Delicto)

8. As an eighth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that Plaintiff herein, and each and every cause of action contained in the unverified Complaint, is barred because Plaintiff has engaged in acts and courses of conduct which render him in pari delicto.

NINTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

9. As a ninth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants

allege that Plaintiff herein, and each and every cause of action contained in the unverified Complaint, is barred by reason of acts, omissions, representations, and courses of conduct by Plaintiff, by which these answering Defendants were led to rely on to its detriment, thereby barring each and every cause of action under the Doctrine of Equitable Estoppel.

TENTH AFFIRMATIVE DEFENSE

(Full Performance)

10. As a tenth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that its full performance of any agreement or act required of it, if there be such agreements or acts, fulfills all its duties and obligations to Plaintiff, if any there be, contractual, fiduciary, or other, and no other duty or obligation to Plaintiff remains on behalf of these answering Defendants.

ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

11. As an eleventh, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that at all times material herein, Plaintiff failed and neglected to mitigate his damages so as to reduce and/or diminish his claim.

TWELFTH AFFIRMATIVE DEFENSE

(Ratification of Acts)

12. As a twelfth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that Plaintiff, by his acts, conduct and/or omissions, has ratified the acts, conduct and omissions, if any, of these

ANSWER

answering Defendants; therefore, Plaintiff is barred from seeking any relief from these answering Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Reasonable Reliance)

13. As a thirteenth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that Plaintiff did not reasonably rely upon any alleged misrepresentations or nondisclosures of material facts made by these answering Defendants; therefore, Plaintiff is barred from seeking any affirmative relief against these answering Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

14. As a fourteenth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that the action of Defendants is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure Sections 338(a), 338(d), 339(1) and 343; 343; Commercial Code Sections 2725(1) and 2725(2); and Civil Code Section 2079.4.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Integration and Parole Evidence Rule)

15. As a fifteenth, separate, and affirmative defense to the unverified Complaint on file herein, these answering Defendants allege that the unverified Complaint, and each and every cause of action therein, is barred by the Doctrine of Integration and the Parole Evidence Rule.

**WHEREFORE**, Defendant prays for judgment as follows:

1. Respondents take nothing by the Complaint;

11

ANSWER

2.  For attorneys' fees and costs incurred; and

3.  For such other and further relief as the court may deem proper.

Dated: January 12, 2018

_____
ROBIN DIMAGGIO

ANSWER

```
STATE OF CALIFORNIA      )
                         )  ss.
COUNTY OF LOS ANGELES    )
```

   I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.

   On January 12, 2018, I served the within document(s) on the interested parties in this action described as follows: **Answer**

   _____    BY MAIL - I caused such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail for collection and mailing to the office/residence of the addressee(s) noted below and on the date shown above following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I sent the above referenced document to:

STEINBRECHER & SPAN LLP
ROBERT S. SPAN (SB# 68605)
rspan@steinbrecherspan.com
DOUGLAS R. PAINTER (SB# 131043)
dpainter@steinbrecherspan.com
445 S. Figueroa St., Suite 2350
Los Angeles, CA 90071

LESNICK PRINCE & PAPPAS LLP
MATTHEW A. LESNICK (SB# 177594)
matt@lesnickprince.com
185 Pier Avenue, Suite 103
Santa Monica, CA 90405

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


January 12, 2018                    _____

13

ANSWER