# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, May 16, 2018**                                                                                    **Hearing Room    301**

<u>1:30 PM</u>
**1:17-12434    Robin DiMaggio**                                                                                                **Chapter 7**
Adv#: 1:17-01099    Dachev et al v. DiMaggio

    **#13.00**    Motion to reconsider adversary proceeding reschedule

                             Docket    16

    **Judge:**

    The Court will deny defendant's request "to speed up the court proceedings."

        **I.**       **Background**

    On September 12, 2017, defendant Robin DiMaggio ("Debtor") filed a voluntary chapter 7 petition. On November 29, 2017, Krasimir Dachev, Peace for You Peace for Me and Svilosa AD (collectively "Plaintiffs") filed a complaint against Debtor seeking nondischargeability of the debt owed to them pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6) and for denial of discharge pursuant to 11 U.S.C. §§ 727(c), (d) and (e) [doc. 1]. On January 12, 2018, Debtor filed an answer to the complaint [doc. 5].

    The Court set the first status conference for February 7, 2018 [docs. 3, 7]. On January 24, 2018, Plaintiffs filed a joint status report (the "JSR") [doc. 12]. In the JSR, Debtor stated the following: "Defendant requests a trial at the end of August or September 2018"  and "Defendant is planning on moving to France in or about October 2018" [doc. 12, p. 2].  Debtor further stated: "I would appreciate a trial by July as I need to move back to France for medical reasons and free medical ins." [doc. 12, p. 4].

    Plaintiffs requested a trial after January 1, 2019 on the following grounds, "[s]ome evidence is located overseas; anticipated delays obtaining documents from certain third parties, including the recently deceased accountant." [doc. 12, p. 2].

    On February 7, 2018, Debtor did not appear at the status conference. On February 14, 2018, the Court entered a scheduling order (the "Scheduling Order") [doc. 14]. The dates set forth in the Scheduling Order are as follows:

        1. The deadline to complete discovery is August 31, 2018.

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, May 16, 2018**                                                                 **Hearing Room    301**

<u>1:30 PM</u>
**CONT...**     **Robin DiMaggio**                                                           **Chapter 7**

2. The deadline to file pretrial motions is September 14, 2018.
3. The deadline to complete and submit a pretrial stipulation in accordance with Local Bankruptcy Rule 7016-1 is October 3, 2018.
4. A pretrial conference is scheduled for October 17, 2018 at 1:30 p.m.

On March 7, 2018, Debtor filed a request for the Court to expedite the adversary proceeding schedule, alleging that he plans to return to France in August 2018 for at least 12 months, in order to obtain medical treatment (the "Motion") [doc. 16]. Debtor did not submit a signed declaration or any other evidence in support of the Motion.

On March 14, 2018, the Court entered an order setting the hearing on the Motion and scheduling dates for briefing (the "March Order") [doc. 17]. The March Order states, in relevant part:

> ORDERED that no later than May 2, 2018, any response to the Reconsideration Motion must be filed and served on Defendant; and it is further

> ORDERED that no later than May 9, 2018, any reply in support of the Reconsideration Motion must be filed and served on Plaintiffs.

Plaintiffs timely filed an opposition to the Motion (the "Opposition") [doc. 20]. Debtor has not filed a reply.

    **II.**     **Discussion**

Motions for reconsideration are governed by Federal Rule of Civil Procedure ("Rule") 60(b), which provides that "[o]n motion and just terms, the court may relieve a party its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [Plaintiffs], [2] the length

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, May 16, 2018**                                         **Hearing Room    301**

<u>1:30 PM</u>
**CONT...**      **Robin DiMaggio**                                                                 **Chapter 7**

of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co.,* 507 U.S. 380, 395 (1993). The Court finds that the factors weigh against revising the Scheduling Order, as discussed below.

    A. *Prejudice to Plaintiffs*

If the Court grants the Motion to expedite the dates set forth in the Scheduling Order, it will prejudice Plaintiffs. Plaintiffs are unlikely to be able to complete discovery in time for trial to be completed in August 2018.

If the Court extend the deadlines until Debtor's alleged intended date to return from France (in September 2019), that also would prejudice Plaintiffs. As Plaintiffs state in the Opposition, witnesses may forget facts, die or become incapacitated or unavailable. In addition, it may become harder to enforce a judgment and to locate assets after substantial delay.

Debtor has submitted no evidence of his medical issues or of his need to travel to France in August 2018, rather than after trial. Further, Debtor has not submitted any new evidence in support of the Motion.

The Motion states that Debtor did not receive notification of the status conference. However, Debtor properly was served with notice of the date and time of the status conference [doc. 7]. Moreover, Debtor signed the JSR, which had the February 7, 2018 status conference hearing date in the caption. Consequently, it is evident that Debtor had notice of the status conference date. Debtor has not alleged mistake, inadvertence, surprise, or excusable neglect as defined in Rule 60(b). This factor weighs against the Court reconsidering the Scheduling Order.

    B. *Length of Delay and its Potential Impact*

Debtor filed the Motion within a reasonable time after the Court entered the Scheduling Order. The delay in filing is not an issue here.

However, in January 2018, Debtor was served with notice of the status conference,

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, May 16, 2018**  **Hearing Room   301**

<u>1:30 PM</u>
**CONT...    Robin DiMaggio**  **Chapter 7**

and he did not appear. In addition, prior to the status conference, the Court posted a tentative ruling setting forth the dates in the Scheduling Order.

If he had appeared at the status conference, Debtor could have explained his opposition to the dates and deadlines proposed in the Court's posted tentative ruling. Debtor chose not to attend the status conference. Debtor has neither provided an explanation in the Motion, that was not in the JSR, nor has Debtor submitted **any** evidence, as to why the Court should reconsider the Scheduling Order.

 *C.  Reason for the Delay*

As stated above, Debtor did not cause any significant delay in filing the Motion.

On the other hand, Debtor could have personally attended the status conference and presented his position regarding the timing of this proceeding; Debtor chose not to attend. Debtor has not explained what "mistake, surprise, inadvertence or excusable neglect" prevented him from appearing at the status conference. As a result, Debtor has failed to meet his burden on this factor.

 *D.  Whether Movant Acted in Good Faith*

Debtor's failure to attend the status conference and his filing of the Motion, without providing any evidence in support of his allegations, suggests that he is not acting in good faith.  The "bad faith" factor weighs against granting the Motion.

 **III.    Conclusion**

For the reasons stated above, the Court will deny the Motion.

Plaintiffs must submit the order within seven (7) days.

| Party Information |
|---|

**Debtor(s):**

  Robin  DiMaggio      Represented By
           Moises S Bardavid

**Defendant(s):**

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, May 16, 2018**                                                                                           **Hearing Room    301**

<u>1:30 PM</u>
**CONT...      Robin DiMaggio**                                                                                                              **Chapter 7**
    Robin DiMaggio                                       Pro Se

**<u>Plaintiff(s):</u>**

    Krasimir Dachev                                      Represented By
        Matthew A Lesnick

    Peace for You Peace for Me                           Represented By
        Matthew A Lesnick

    Svilosa AD                                           Represented By
        Matthew A Lesnick

**<u>Trustee(s):</u>**

    David Seror (TR)                                     Pro Se